Tommy SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. B1951.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 14, 1979.

Rique D. Bobbitt, Henry R. Muller, House & Bobbitt, Houston, for appellant.

Joe Resweber, County Atty., Donald L. Saunders, Asst. County Atty., E. V. Belluomini, Jr., Houston, for appellee.

CIRE, Justice.

This is an appeal from the forfeiture of a motor vehicle pursuant to Tex.Rev.Civ.Stat. Ann. art. 4476–15 § 5.03(a)(5) [Controlled Substances Act]. The vehicle in question was seized in connection with the prearranged sale by Tommy Lynn Smith, record owner of the vehicle, of a quantity of controlled substances to agents of the Texas Department of Public Safety acting in an undercover capacity.

After notice of seizure and forfeiture citing appellant Smith as record owner and the Reagan Commerce Bank of Houston [1] as first lienholder, trial was had before the

1. The Reagan Commerce Bank did not participate in this appeal, as its status as lienholder is protected under sections 5.07(c) and 5.08(b)(1) of article 4476–15.

judge without a jury. Appellant there objected to the introduction into evidence of the controlled substances seized during the transaction on the ground that they had been obtained through an illegal seizure. The judge overruled this objection and entered judgment for the state forfeiting the vehicle to the Texas Department of Public Safety.

In appellant's single point of error it is alleged that the trial court erred in failing to sustain appellant's objection to the introduction into evidence of certain drugs because such drugs were illegally seized in violation of Tex.Rev.Civ.Stat.Ann. article 4476–15 § 4.09(a)(3), which states, "It is unlawful for *any person* . . . to . . obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge." (Emphasis added). The word "person" means "any individual, corporation, government or governmental subdivision or agency, . . . or any other legal entity". Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 1.02(21).

We hold that this section is inapplicable to police officers in the performance of their duty. Under the laws regarding statutory construction, "the court shall look diligently for the intention of the Legislature, keeping in view at all times . . . the evil and the remedy." Tex.Rev.Civ. Stat.Ann. art. 10(6). The enacting provision of the Controlled Substances Act states that the act is directed to the "regulation of the . . . distribution, possession and use" of the various substances covered thereby. We feel that the legislature could not have intended section 4.09, as well as other sections of the act utilizing the terms "a person" or "any person" to apply to police officers in such a way as would render enforcement of the act impossible.

Also, section 5.03(a)(1) provides that "all controlled substances that are . . . distributed, . . . obtained, or possessed in violation of this Act" are subject to forfeiture. Section 5.04(b) provides that seizure of any property subject to forfeiture may be made without a warrant if:

(4) [T]he seizure was incident to a lawful arrest, lawful search, or lawful search incident to arrest.

Therefore, if the seizure of controlled substances was made incident to a lawful arrest or search, such seizure was legal and authorized by statute notwithstanding section 4.09(a)(3).

Appellant makes no claim that the warrantless search and seizure were violative of the fourth amendment. We note, however, that under Tex.Code Crim.Pro.Ann. article 14.01(b), "A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."

We further observe that the testimony of the arresting and participating narcotic agents established probable cause for a lawful arrest under the foregoing article.

Affirmed.

Panel consists of J. CURTISS BROWN, C. J., and COULSON and CIRE, JJ.

